IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                             No. CR 04-00125 RB

CESAR RIVERA-PORRAS,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's Objections to Presentence Report (Doc. No. 13), filed on March 12, 2004. The Court originally set this matter for sentencing on April 1, 2004. However, the Court continued Defendant's sentencing and directed counsel to submit supplemental briefing addressing the applicability of an eight-level enhancement under the United States Sentencing Commission, Guidelines Manual, § 2L1.2(b)(1)(C) (Nov. 2003). On May 5, 2004, the Court held the sentencing hearing. After considering the pleadings of record, the applicable law, the evidence and arguments of counsel, the Court found that vehicular assault, as defined by COLO. REV. STAT. ANN § 18-3-205 (1)(b)(2002), constituted an aggravated felony within the meaning of 18 U.S.C. § 16(b). Therefore, the Court enhanced Defendant's sentence by eight-levels. The Court now sets forth the bases for its prior ruling.



## I. Background

On November 5, 2003, Border Patrol agents apprehended Defendant Cesar Ramon Rivera-Porras (hereinafter "Mr. Rivera") near Columbus, New Mexico. Presentence Report ¶ 4. Mr. Rivera informed the agents that he was a citizen of Mexico and had entered the United States illegally. *Id.* ¶ 5. It was later determined that the Immigration and Naturalization Service had twice deported Mr. Rivera following several criminal convictions. *Id.*

On January 22, 2004, Mr. Rivera pleaded guilty to reentry of a deported alien previously convicted of an aggravated felony, in violation of 8 U.S.C. § 1326(a)(1) & (2) and 8 U.S.C. § 1326(b)(2). *Id.* at 1; Doc. No. 12. Mr. Rivera had a prior conviction for vehicular assault, as defined by COLO. REV. STAT. ANN § 18-3-205 (1)(b). *Id.* at 5. The presentence report classified this prior conviction as a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii) and recommended a sixteen-level sentencing enhancement. *Id.* at 9. Mr. Rivera subsequently filed an objection to the presentence report. Def.'s Objection to Presentence Report; Doc. No. 13. Mr. Rivera claims that his prior conviction for vehicular assault should not be classified as a crime of violence under U.S.S.G. §2L1.2(b)(1)(A)(ii). *Id.* Rather, Mr. Rivera contends that his prior conviction for vehicular assault should only be subjected to a four-level enhancement under U.S.S.G. § 2L1.2(b)(1)(D). Def.'s Supplemental Mem. Objections to the Presentence Report ¶ 9; Doc. No. 18.

## II. Discussion

The question of whether a DWI resulting in death or injury is a crime of violence was left open by the Tenth Circuit in *United States v. Lucio-Lucio*, 347 F.3d 1202 (10th Cir. 2003). In light of the absence of controlling Tenth Circuit precedent, the Court will turn to the Fifth Circuit for guidance, particularly to the view articulated by the concurrence in *United States v.*

2

*Vargas-Duran*, 356 F.3d 598, 606-10 (5th Cir. 2004) (DeMoss, J., concurring in part). In *Vargas-Duran*, the defendant had a prior conviction for intoxication assault under Texas law. *Id.* at 599. As a result, the Pre-Sentencing Report (PSR) recommended a sixteen-level sentencing enhancement, classifying defendant's prior conviction as a crime of violence under U.S.S.G. § 2L1.2. *Id.* Over defendant's objections, the district court agreed with the PSR's recommendation and enhanced defendant's sentence. *Id.*

Reversing the district court, the Fifth Circuit, sitting *en banc*, held that defendant's prior conviction for intoxication assault did not qualify as a crime of violence under U.S.S.G. § 2L1.2. *Id.* 599-600. Central to its decision was the fact that a person could be found guilty of intoxication assault without intending to use force. *Id.* at 602. The *Vargas-Duran* majority reasoned that for a sixteen-level enhancement to apply, the force had to be used intentionally and had to be "an element" of the predicate offense. *Id.*

Concurring in *Vargas-Duran*, Circuit Judge DeMoss agreed with the conclusion reached by the majority, but disagreed with their position as to the level of sentencing enhancement defendant's prior conviction should receive. *Id.* at 607. Keeping in mind that the Guidelines direct courts to "apply the greatest" of the enhancement levels, Judge DeMoss proposed a five step approach for determining when a defendant's prior conviction qualifies for a sixteen-, eight-, or four-level sentencing enhancement under § 2L1.2. *Id.* at 607-10.

Under Judge DeMoss' five step approach, the first step requires a court to determine whether the predicate offense is one of the specifically enumerated offenses under U.S.S.G. § 2L1.2, comment. (1(B)(iii)) (hereinafter "§ 2L1.2 commentary"). *Id.* at 608. These offenses include: "murder, manslaughter, kidnaping, aggravated assault, forcible sex offenses, statutory rape, sexual abuse of minor, robbery, arson, extortion, extortionate extension of credit, and

3

burglary of a dwelling." *Vargas-Duran*, 356 F.3d at 608 (quoting § 2L1.2 commentary). A sixteen-level enhancement is appropriate when the predicate offense at issue is one of these listed offenses. *Id.* However, if the predicate offense is not named under § 2L1.2 commentary, the analysis proceeds to the second step. *Id.*

The second step focuses on whether the latter part of § 2L1.2 commentary, encompasses the predicate offense. *Id.* The latter part of this application note defines a crime of violence as "any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." *Id.* (quoting § 2L1.2 commentary). Hence, this latter part carries a connotation of at least some degree of intent, with regard to the defendant, as a necessary element in order to impose a sixteen-level enhancement. *Id.* at 608-09.

Step three considers whether the predicate offense constitutes an aggravated felony warranting an eight-level sentencing enhancement, as defined by 8 U.S.C. § 1101(a)(43). *Id.* at 609. Section 1101(a)(43) directs attention to 18 U.S.C. § 16. Section 16 provides:

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

*Id.* (citing 18 U.S.C. § 16). Additionally, 18 U.S.C. § 16(a) is almost identical to the latter part of § 2L1.2 commentary. *Id.* In fact, the only difference in 18 U.S.C. § 16(a) is the phrase "or property." *Id.* at 609. Accordingly, the third step only considers 18 U.S.C. § 16(b); i.e., whether the predicate offense "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id.* (quoting 18 U.S.C. § 16(b)). If the statute at issue does not involve a substantial risk that physical force

4

against another person or property will occur, an eight-level enhancement is not appropriate and the analysis moves on to the fourth and fifth steps. *Vargas-Duran*, 356 F.3d at 609.

The fourth and fifth steps deal with a four-level sentencing enhancement under U.S.S.G. § 2L1.2 (b)(1)(D) & (E). *Id*. With respect to the fourth step, if the predicate offense is a felony conviction that does not meet the guideline definition for an aggravated felony, as defined by 8 U.S.C. § 1101(a)(43), the defendant should automatically receive a four-level sentencing enhancement. *Id*. As for the fifth step, if the predicate offense is a combination of three or more convictions for misdemeanors considered crimes of violence or drug trafficking offenses, as opposed to a felony, a four-level sentencing enhancement should be imposed. *Id*.

Analyzing our facts in light of the first three steps proposed by Judge DeMoss, Mr. Rivera's prior conviction for vehicular assault qualifies for an eight-level sentencing enhancement, as defined by 18 U.S.C. § 16(b). Under the first two steps, Mr. Rivera's conviction does not qualify for a sixteen-level enhancement. Vehicular assault is not one of the named offenses found in § 2L1.2 commentary. Mr. Rivera was convicted of vehicular assault under the Colorado statute which follows:

> If a person operates or drives a motor vehicle while under the influence of alcohol or one or more drugs, or a combination of both alcohol and one or more drugs, and this conduct is the proximate cause of a serious bodily injury to another, such a person commits vehicular assault. This is a strict liability crime.

COLO. REV. STAT. ANN § 18-3-205 (1)(b)(2002).

Applying the second step, the Court considers whether vehicular assault has as an element the use, attempted use, or threatened use of physical force against a person. A person is guilty of vehicular assault in Colorado if he drives a vehicle under the influence and causes bodily injury to another. There is no element, implicit or explicit, in this statute encompassing

5

the use, attempted use, or threatened use of physical force: in other words, a defendant in violation of COLO. REV. STAT. ANN § 18-3-205 (1)(b) typically does not intend to cause an accident resulting in injury. Accordingly, vehicular assault is not a crime of violence and a sixteen-level enhancement is not warranted.

The third step considers whether vehicular assault is an aggravated felony, as defined by 18 U.S.C. § 16(a) and (b). As indicated earlier, there is no significant difference between Section 16(a) and the latter part of § 2L1.2 commentary. As a result, the analysis will center on Section 16(b). Section 16(b) is triggered if the predicate offense is a felony that "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." This broader definition, which includes the term "substantial risk," moves away from intentional conduct and instead asks whether the violation of the statute at issue imposes a "substantial risk" that physical force against a person will have occurred. In this case, there is a "substantial risk" that a person will suffer serious bodily injury as a result of violating Section 18-3-205 (1)(b). To be sure, in order to violate Section 18-3-205 (1)(b), an intoxicated driver must have proximately caused serious bodily injury to another. Therefore, Section 16(b) encompasses vehicular assault and Mr. Rivera's sentence is subject to an eight-level enhancement.

*United States v. Lucio-Lucio*, 347 F.3d 1202 (10th Cir. 2003), does not direct a different result. In *Lucio-Lucio*, the Tenth Circuit considered whether DWI without injury constituted an aggravated felony warranting an eight-level enhancement under Section 16(b). *Id.* at 1203. In answering in the negative, the *Lucio-Lucio* court made it very clear that their holding only applied in "cases in which the statutory offense does not involve actual injury to others." *Id.* at 1207. The *Lucio-Lucio* court later stated that "it is possible that another DWI statute, one which

6

required sufficiently reckless driving, might proscribe conduct with a sufficient nexus to the force unleashed in an accident to make it a crime of violence under § 16(b)." *Id.* at 1208.

Moreover, *Lucio-Lucio* found it particularly troubling that "one could technically violate the DWI statute without creating the risks normally associated with drunk driving." *See id.* at 1204, n. 2. *Lucio-Lucio* listed two primary examples of DWI violations that carried slight, if any, risks of physical injury: (1) a defendant could be guilty of DWI if he attempted to drive, even though the vehicle was not in motion; and (2) a defendant could be found guilty of DWI if he is found sleeping at the wheel of a car with the engine off. *Id.* In this case, the risks of physical injury in committing vehicular assault under Section 18-3-205 (1)(b) are much greater, if not certain, than the DWI offense in *Lucio-Lucio*. Indeed, serious bodily injury is a necessary element of a violation of Section 18-3-205 (1)(b). Therefore, the offense of vehicular assault is not the type of DWI offense that the *Lucio-Lucio* court found troubling; to the contrary, it is the type of DWI offense the *Lucio-Lucio* court envisioned would fall under 18 U.S.C. § 16(b).

Such a reading of *Lucio-Lucio* is supported by the sentencing guidelines. Sentencing guidelines are explicit when an offense requires mens rea. *United States v. Singleton*, 946 F.2d 23, 25 (5th Cir. 1991). Additionally, "[b]ecause statutory sections are to be construed as coherent wholes, the precision of the drafters in including mens rea in neighboring sections indicates that the reason that the section [in question] does not use the word 'knowingly' is that the drafters did not wish such a requirement to apply." *Id.* In this case, an aggravated felony under Section 16(b) contains no mens rea requirement compared to Section 2L1.1(b)(5), which provides:

> If the offense involved <u>intentionally</u> or recklessly creating a substantial risk of death or serious bodily injury to another person, increase by 2 levels, but if the resulting offense level is less than level 18, increase to level 18.

U.S.S.G. § 2L1.1(b)(5)(emphasis added). On the other hand, Section 16(b) states:

> Any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

7

18 U.S.C. § 16(b). Accordingly, had the drafters of the sentencing guidelines intended to include only intentional offenses under Section 16(b), they would have included the term "intentionally" before the term "used." Not having done so, Section 16(b) requires no mens rea. Therefore, although Mr. Rivera may have not intended to commit the offense of vehicular assault, an eight-level enhancement under 18 U.S.C. § 16(b) applies to this offense.

## III. Conclusions

Vehicular assault, as defined by Section 18-3-205 (1)(b), is not a crime of violence as defined by U.S.S.G. § 2L1.2, comment. (1(B)(iii)). Accordingly, a sixteen-level enhancement is not appropriate. However, Section 18-3-205 (1)(b) involves a substantial risk that physical force against the person or property of another will be used in the course of committing the offense, as defined by 18 U.S.C. § 16(b). Therefore, an eight-level enhancement is appropriate.

**WHEREFORE,**

**IT IS ORDERED** that Defendant's Objections to Presentence Report (Doc. No. 13), filed on March 12, 2004, are **DENIED**.

**IT IS FURTHER ORDERED** that the predicate offense of vehicular assault, as defined by COLO. REV. STAT. ANN § 18-3-205 (1)(b), is an aggravated felony within the meaning of 18 U.S.C. § 16(b), and an eight-level sentencing enhancement will be imposed pursuant to U.S.S.G. § 2L1.2(b)(1)(C).

*/s/ Robert C. Brack*
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**